**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUIS HUMBERTO GOMEZ, | No. 13-70717 |
| Petitioner, | Agency No. A073-810-489 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2014[**]
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF,
Senior District Judge.[***]

Luis Humberto Gomez (Gomez), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

an Immigration Judge's (IJ) decision denying a waiver of inadmissibility in conjunction with adjustment of status. Gomez alleges that governmental misconduct during his removal proceedings deprived him of due process. Although we lack jurisdiction to review the merits of a hardship determination, we have jurisdiction to consider colorable constitutional claims. *See Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012).

Gomez maintains that the government stipulated to adjusting his immigration status and then lied about having so stipulated. The IJ agreed with Gomez and granted his application for adjustment of status. The government appealed to the BIA. On appeal, the BIA determined that the record contained no such stipulation, and remanded for the IJ to issue a new decision. Subsequently, Gomez was ordered removed.

We review factual findings for substantial evidence and constitutional questions *de novo*. *See Vilchez v. Holder*, 682 F.3d 1195, 1198-99 (9th Cir. 2012). Substantial evidence supports the BIA's finding that the government did not stipulate to adjust Gomez's status. Moreover, because Gomez had a full and fair opportunity to present testimony and other evidence in the remanded proceedings, he was not deprived of his due process rights under the Constitution. *See id.*

2

Having determined that Gomez was not deprived of his due process rights under the Constitution, we have no jurisdiction to proceed further.  *See id*. at 1200-01.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part**.

*Gomez v. Holder*, No. 13-70717

Judge RAKOFF, concurring in the judgment:

This may be in the nature of a quibble, but I understand the petitioner to present two independent claims: first, that the denial by the Board of Immigration Appeals of the discretionary relief he sought should be reversed because it was based on factual error, and, second, that the government's alleged misconduct in proceedings before the Immigration Judge violated petitioner's due process rights. Under Section 242 of the Immigration and Nationality Act, we lack jurisdiction to review "any judgment regarding the granting of relief under section 1182(h) [waiver of inadmissibility] ... or 1255 [adjustment of status] of this title" unless the petitioner raises "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(B), (D). Petitioner's first claim raises no such constitutional or legal question, and so must be dismissed for lack of jurisdiction. As for his second claim, I would find that it presents at least a "colorable constitutional claim[]," *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007); however, for the reasons identified by the majority, it fails on the merits and accordingly should be denied.